Johnson, J.,
concurring: I concur in the result reached by the majority. I take exception to the majority’s holding that the prosecutor committed no error during closing argument, but I would find that the erroneous statements of personal opinion were harmless beyond a reasonable doubt.
First, I cannot be as charitable as the majority in characterizing all of the prosecutor’s improper statements as merely “verbal tics.” For instance, when discussing the critically important question of whether defendants Nissan Pathfinder SUV could prove the deadly weapon element of aggravated batteiy, the prosecutor declared: “I’d say that that’s a deadly weapon.” No transition or time filler there. A juror would be hard-pressed to view that statement as anything other than the prosecutor’s personal opinion as to what the evidence proved. The prosecutor’s frequent use of “I think” and “I don’t think” would do nothing to dissuade the jury that the prosecutor was proffering personal opinions.
*180 But more importantly, I write separately to express my view that it is error, i.e., outside the wide latitude given to prosecutors, to use words during closing argument that are commonly understood to state a personal opinion. If the prosecutor did not intend to state a personal opinion, then that inadvertence would indicate a lack of ill will under the second step of the analysis and could negate reversal. But a prosecutor should not be permitted to extend the bounds of proper argument through inadvertence or idiosyncratic speech patterns. Consequently, I would find that the prosecutor erred, albeit harmlessly.
Luckert, J., and Michael J. Malone, Senior Judge, join in the foregoing concurring opinion.